**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4946

WILLIAM DEANGELO CAMPBELL, a/k/a
Tank Campbell, a/k/a "D,"
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
W. Earl Britt, Senior District Judge.
(CR-96-7-BR)

Submitted: June 16, 1998

Decided: July 20, 1998

Before ERVIN, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

James M. Ayers, II, New Bern, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Peter W. Kellen, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William DeAngelo Campbell was convicted by a jury of bank robbery, <u>see</u> 18 U.S.C.A. § 2113(a), (d) (West Supp. 1998), 18 U.S.C. § 2 (1994), and using a firearm in a crime of violence, <u>see</u> 18 U.S.C.A. § 924(c) (West Supp. 1998), 18 U.S.C.§ 2. At his first sentencing in November 1996, after a two-month evaluation by the Bureau of Prisons, Campbell was found to be suffering from a mental disease or defect. The district court denied Campbell's motion for a downward departure based on diminished capacity, <u>see</u> USSG § 5K2.13, p.s.,* and committed him to a suitable facility for treatment in lieu of a sentence of imprisonment. <u>See</u> 18 U.S.C. § 4244 (1994). In November 1997, having received notice from the Bureau of Prisons of Campbell's recovery, the district court sentenced him to 46 months imprisonment for the bank robbery and a consecutive 60-month term for the § 924(c) conviction. Campbell appeals, arguing that the district court abused its discretion by denying him a downward departure based on the fact that he was no longer a threat to society and the disparity between his sentence and that of his co-defendant. Alternatively, he suggests that he should receive a new trial or a new evaluation to determine whether he was competent at the time of the offense. We affirm in part and dismiss in part.

The district court's decision not to depart is not reviewable on appeal. <u>See United States v. Bayerle</u>, 898 F.2d 28, 31 (4th Cir. 1990). We therefore dismiss for lack of jurisdiction that portion of the appeal which challenges the district court's failure to depart.

Because Campbell did not raise an insanity defense or request a new trial in the district court, we review the remaining two issues under the plain error standard. <u>See United States v. Olano</u>, 507 U.S.

_____

*<u>U.S. Sentencing Guidelines Manual</u> (1995).

2

725, 732 (1993). In order to establish our authority to notice an error not preserved below, Campbell must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732. Even if he can satisfy these requirements, correction of the error remains within our sound discretion, which we "should not exercise . . . unless the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). Here, we cannot say that, in the absence of a defense motion, the district court plainly erred in failing to order either an evaluation of Campbell's mental state at the time of the robbery or a new trial.

The judgment is therefore affirmed. That portion of the appeal which challenges the district court's decision not to depart is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

3